UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAYTON C.,

              Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C18-638 BHS-BAT

**REPORT AND RECOMMENDATION**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found psychotic disorder/schizophrenia, affective disorder, and attention deficit disorder are severe impairments; plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels with additional non-exertional or mental limitations; plaintiff cannot perform past relevant work but is not disabled because he can perform other work in the national economy. Tr. 25-35.

Plaintiff contends the ALJ erred by: (1) misevaluating the opinions of examining doctors Christiana Diamonte, Ph.D., Christopher Nelson, Ph.D., and David Mashburn, Ph.D., Dkt. 12 at 3; (2) failing to address the opinions of Piruz Huda, ARNP, *id*. at 10; and (3) failing to give germane reasons to discount the testimony of plaintiff's sister Victoria, V-S, *id.* at 12. Plaintiff also contends the ALJ's decision is invalid under *Lucia v. Berryhill*, 138 S.Ct. 2044 (2018). *Id* at 15.

REPORT AND RECOMMENDATION - 1

The Court recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A.  Examining Doctor's Opinions

Plaintiff contends the ALJ misevaluated the opinions of examining doctors Christiana Diamonte, Ph.D., Christopher Nelson, Ph.D., and David Mashburn, Ph.D. The ALJ must provide clear and convincing reasons to reject an uncontradicted medical opinion, or specific and legitimate reasons where contradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). *Id.* at 830-31. The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

#### *1.  Dr. Diamonte*

The ALJ rejected Dr. Diamonte's 2013 opinion that plaintiff was markedly limited in his ability to perform activities within a schedule, maintain regular attendance and be punctual, ask simple questions, communicate and perform effectively in a work setting and maintain appropriate behavior in a work setting, and that he was moderately limited in his ability to make simple decisions, complete a normal work day and set realistic goals and plan independently. Tr. 31 (referring to Tr. 481). The ALJ found these limitations are "based more on the subjective reports" of plaintiff, pointing to Dr. Diamonte's "narrative" comments which to the ALJ indicated plaintiff has "attitude/motivational" issues," not mental limitations. Tr. 31.

If a medical source's opinions are based "to a large extent" on the claimant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount

REPORT AND RECOMMENDATION - 2

the source's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Here there is no evidence Dr. Diamonte failed to perform a professional clinical examination of plaintiff, questioned plaintiff's believability, or was simply parroting back plaintiff's statements in rendering her opinions about his limitations. The ALJ's finding Dr. Diamonte's opinions should be discounted as based too heavily upon plaintiff's statements is accordingly not supported by substantial evidence.

The Court notes Dr. Diamonte indicated in a separate narrative section that plaintiff's affect and his psychotic symptoms were stabilized with new medications, and his hostility when he is told what to do does not alone "preclude ability to work." Tr. 482. The ALJ found these statements established plaintiff has "attitude/motivational" issues, not a lack the actual mental inability to perform simple, routine tasks. Tr. 31. At bottom, the ALJ found these statements contradicted the marked and moderate functional limitations Dr. Diamonte assessed.

Although an ALJ may reject an examining physician's opinion if it is contradicted by clinical evidence, the rule does not apply here. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). First, the ALJ did not specifically state she rejected Dr. Diamonte's functional limitations on this ground. *See Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090 1102

REPORT AND RECOMMENDATION - 3

1  (9th Cir. 2014) (Grounds upon which an administrative order must be judged are those upon
2  which the record discloses that its action was based.).

3  Second, this ground, in any event, is not supported by substantial evidence. Dr. Diamonte
4  never opined plaintiff did not suffer from mental illness, none of his limitations were caused by
5  mental illness, or that he was capable of performing meaningful work at the time of the
6  examination. The ALJ thus unreasonably concluded plaintiff's limitations merely reflect a bad
7  attitude or lack of motivation, and not mental illness. The ALJ in specific found Dr. Diamonte's
8  narrative comments indicate plaintiff can perform simple routine tasks. Tr. 31. But Dr. Diamonte
9  never opined plaintiff's mental problems prevented him from performing such tasks. To the
10 contrary, in assessing plaintiff's functional abilities, the doctor opined plaintiff had "none or
11 mild" limitations in the ability to "understand, remember, and persist in tasks by following very
12 short simple instructions." Tr. 481. Hence the ALJ's rationale simply mirrors one of Dr.
13 Diamonte's findings but fails to address the other moderate and marked limitations the doctor
14 assessed. The ALJ accordingly erred in discounting all of the functional limitations assessed by
15 the doctor. The error is harmful because the ALJ's RFC determination fails to account for all of
16 the limitations Dr. Diamonte assessed.

17  *2.    Dr. Nelson*

18  The ALJ rejected Dr. Nelson's opinions on the grounds they were contradicted by Dr.
19 Diamonte's opinion. In specific the ALJ determined Dr. Diamonte found plaintiff's limitations to
20 be caused by attitude and motivation, not mental illness. Tr. 32. As discussed above this rationale
21 is not supported by substantial evidence. The ALJ accordingly erred in relying upon it to
22 discount Dr. Nelson's opinions. The Commissioner argues the Court should affirm the ALJ's
23

REPORT AND RECOMMENDATION - 4

1  determination because the ALJ provided another basis to reject Dr. Nelson's opinion: plaintiff's

2  activities and positive response to treatment undercut Dr. Nelson's opinion.

3        The ALJ noted plaintiff could chop wood and watch the mother of his sister's ex-husband

4  and was "pretty stable" on his medications. Tr. 32. But these activities do not contradict Dr.

5  Nelson's findings that plaintiff has "memory and sequential thinking problems, difficult

6  concentrating, auditory hallucinations and paranoia" that the doctor opined limited plaintiff's

7  ability to work. Tr. 499. And as to plaintiff's response to medications, Dr. Diamonte whose

8  opinion the ALJ relies heavily upon to reject Dr. Nelson's opinion, opined plaintiff had

9  numerous marked and moderate limitations notwithstanding his improvement with medications.

10  The record thus shows that while plaintiff may have improved with medications, the doctors who

11  examined him still found him markedly or moderately impaired in ways not accounted for in the

12  ALJ's RFC determination.

13        *2.   Dr. Mashburn*

14        Dr. Mashburn examined plaintiff twice, once in July 2015, Tr. 522, and again in May

15  2016. Tr. 527. Dr. Mashburn's opinions about plaintiff's functional limitations are similar to

16  those Dr. Diamonte assessed. The ALJ rejected Dr. Nelson's July 2015 opinions for two reasons.

17  The ALJ found the doctor indicated plaintiff would be impaired for less than 12 months. Tr. 33.

18  Substantial evidence does not support the ALJ's rationale because Dr. Nelson opined nine

19  months later plaintiff was chronically mentally ill and his impairments would persist for more

20  than 12 months. Tr. 530.

21        The ALJ also rejected the July 2015 opinion on the grounds the doctor's mental status

22  exam showed "claimant was goal-directed, cooperative and cordial." Tr. 33. The ALJ

23  misevaluates a doctor's opinion by selecting only portions of the doctor's opinions and omitting

1 the remainder without discussion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014)

2 ("[T]he ALJ improperly cherry-picked some of [the doctor's] characterizations of [the

3 claimant's] rapport and demeanor instead of considering these factors in the context of [the

4 doctor's] diagnoses and observations of impairment.") (citations omitted). This is what occurred

5 here. Dr. Nelson's mental status exam indicates plaintiff was not within normal limits for

6 "thought process and content," "perception," or "concentration," and that his mood and affect

7 were "melancholy." Tr. 525. The ALJ, however, omitted these findings and accordingly erred.

8       The ALJ rejected Dr. Nelson's May 2016 opinions "because he again found that the

9 claimant is goal directed and cooperative." Tr. 31. The ALJ again harmfully erred by omitting

10 Dr. Nelson's findings on mental status examination that plaintiff had "poor eye-contact-anxious

11 monotone speech," "flat and anxious" affect and mood, Tr. 530, and was not within normal

12 limits regarding thought process and content, perception, and memory. Tr. 531.

13 **B.    Other Source Testimony**

14       Plaintiff contends the ALJ erred in failing to address the opinions of Piruz Huda, ARNP.

15 Dkt. 12 at 10-12. The Commissioner contends plaintiff is mistaken. The Commissioner claims

16 the ALJ rejected a "check-box opinion from [signature illegible] dated July 2015," as

17 inconsistent with "the overall record," and that the ALJ was referring to Ms. Huda's opinions.

18 Dkt. 15 at 6 (citing to Tr. 33). The Court cannot accept the Commissioner's argument because

19 the ALJ did not indicate where in the record the "check-box opinion from [signature illegible]

20 could be found, and Ms. Huda's opinions are dated April 2015, not July 2015. Tr. 501-05.

21 Because the ALJ is required to consider all relevant evidence in assessing a claimant's ability to

22 perform work, and the record contains evidence that the ALJ did not, the ALJ harmfully erred.

23

**C.    Lay Testimony**

Plaintiff contends the ALJ erred in rejecting the testimony of his sister. Dkt. 12 at 14-15. Lay testimony regarding a claimant's symptoms is competent evidence the ALJ must take into account, unless the ALJ provides germane reasons to discount the testimony. The ALJ discounted the lay testimony on the grounds it was contradicted by the opinions of Drs. Clifford, Diamonte and Harrison. Tr. 32. This is a valid reason. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.). Although the ALJ did not properly assess Dr. Daimonte's opinions, plaintiff does not argue the ALJ similarly erred with respect to Dr. Harrison. The ALJ found Dr. Harrison opined plaintiff could perform simple repetitive work with limited social contact/interaction, Tr. 31; these are limitations the ALJ set forth in the RFC determination. Tr. 27.

Plaintiff argues the fact that other evidence provides a "different perspective" regarding his limitations is not grounds to reject his sister's testimony, citing *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The argument is off point. *Diedrich* does not hold the ALJ cannot reject lay testimony on the grounds that it is contradicted by a medical opinion, and thus does not invalidate the ALJ's rationale. The ALJ's assessment of plaintiff's sister's testimony should accordingly be affirmed.

**D.    The Appointments Clause**

Plaintiff contends the ALJ in this case was not "validly appointed pursuant to the requirements set forth in the appointments clause of the U.S. Consitution," and that the ALJ's decision is null and void and the matter should be remanded for a new hearing before a new judge. Dkt. 12 at 15. Although the argument is plausible and meritorious, the Court declines to address it and applies the principle of constitutional avoidance as there are independent grounds,

REPORT AND RECOMMENDATION - 7

discussed above, to reverse the Commissioner's final decision. *See e.g. Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (Court of appeals declined to consider violation of the Eleventh Amendment where matter could be resolved on other independent grounds.).

## CONCLUSION

For the foregoing reasons, the Court recommends **REVERSING** the Commissioner's final decision **REMANDING** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Drs. Diamonte, Mashburn and Nelson; assess Ms. Huda's opinions; develop the record and reassess plaintiff's RFC and proceed to step five as appropriate. The Court did not address or resolve plaintiff's appointments clause arguments, and leaves it to plaintiff to assert the claim on remand.

Objections to this Report and Recommendation must be filed by **October 30, 2018.** If no objections are filed, the Clerk shall note the matter for **November 2, 2018**, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 16th day of October, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge